IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GF MANAGEMENT, INC., <br><br>    *Plaintiff,* <br><br>    v. <br><br>FIDELITY AND DEPOSIT COMPANY OF MARYLAND, <br><br>    *Defendant*. | Civil Action No. 12-1306 |

**ANSWER WITH AFFIRMATIVE DEFENSES BY DEFENDANT,
FIDELITY AND DEPOSIT COMPANY OF MARYLAND**

Defendant, Fidelity and Deposit Company of Maryland ("Fidelity"), by and through its attorneys, White and Williams LLP, answers the Complaint in the captioned matter as follows:

**NATURE OF THE ACTION**

1.    Denied.  It is denied that Fidelity improperly denied insurance coverage to its policyholder, GF Management, Inc. ("GF").  It is further denied that the policy of insurance at issue in this matter was intended and designed to protect GF from the exact type of losses from employee dishonesty and theft that GF has incurred.  To the contrary, coverage under the policy of insurance at issue in this case is provided subject to the terms, conditions, limitations and exclusions stated in the policy.

2.    Denied.  Fidelity is without knowledge or information sufficient to form a belief as to the truth of the averment.  To the extent a response is required, the averment is denied.

3.    Denied.  It is denied that Fidelity failed to pay GF for the full amount of its covered loss.  It is further denied that the number of the Commercial Crime Policy at issue is

CCP 0043566; the correct policy number is CCP 0043566 08 (hereinafter, "The Policy"). With regard to GF's seeking of coverage, Fidelity responds that it is without knowledge or information sufficient to form a belief as to the truth of that part of the averment. To the extent a response is required, that part of the averment is denied.

    4.    Denied. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the averment. To the extent a response is required, the averment is denied.

    5.    Denied. It is denied that Fidelity at any time breached the terms of The Policy. It is further denied that Fidelity at any time acted in bad faith.

## THE PARTIES

    6.    Denied. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the averment. To the extent a response is required, the averment is denied.

    7.    Denied as stated. Fidelity is an insurance company incorporated under the laws of the State of Maryland, licensed to do business in the Commonwealth of Pennsylvania, with its principal place of business at 1400 American Lane, Schaumburg, Illinois 60196, and is an indirect subsidiary of Zurich Insurance Group Ltd, formerly known as Zurich Financial Services Ltd.

## JURISDICTION AND VENUE

    8.    Denied. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the averment. To the extent a response is required, the averment is denied.

    9.    Denied. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the averment. To the extent a response is required, the averment is denied.

## FACTUAL BACKGROUND

### The Fidelity Policy

10. Denied as stated. Fidelity issued a Commercial Crime Policy to GF with policy number CCP 0043566 08, subject to policy effective dates of August 1, 2007 to August 1, 2008.

11. Denied as stated. The Policy carries a $500,000 limit of insurance for losses occurring at 8 Penn Center, 23rd Floor, 1628 J.F.K. Boulevard, Philadelphia, PA 19103, subject to a $5,000 deductible. For losses exceeding $500,000, The Policy carries a $3 million limit, subject to an additional deductible of $10,000. The total coverage available for losses occurring at 8 Penn Center, 23rd Floor, 1628 J.F.K. Boulevard, is $3.5 million, subject to a total deductible of $15,000.

12. Admitted.

13. The Policy is a document, the terms of which speak for themselves, and any characterization inconsistent therewith is hereby denied.

14. The Policy is a document, the terms of which speak for themselves, and any characterization inconsistent therewith is hereby denied.

15. Admitted in part and denied in part. It is admitted that GF paid all of the premiums due under The Policy. It is denied that GF complied with all conditions in connection with The Policy. That The Policy was in full force an effect at all pertinent times is denied as stated; coverage under The Policy was in effect subject to the terms, conditions, limitations and exclusions stated in The Policy.

### The Employee Theft Losses Incurred by GF

16. Admitted in part and denied in part. It is admitted that Angela Borelli embezzled Plaintiff's funds between August 6, 2006 and August 14, 2006 and between October 2006 and

November 2007. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment. Strict proof thereof is demanded at time of trial. To the extent a response is required, the remainder of the averment is denied.

17. Denied. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the averment. Strict proof thereof is demanded at time of trial. To the extent a response is required, the averment is denied.

18. Denied. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the averment. Strict proof thereof is demanded at time of trial. To the extent a response is required, the averment is denied.

19. Denied. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the averment. Strict proof thereof is demanded at time of trial. To the extent a response is required, the averment is denied.

20. Denied. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the averment. Strict proof thereof is demanded at time of trial. To the extent a response is required, the averment is denied.

21. Denied. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the averment. Strict proof thereof is demanded at time of trial. To the extent a response is required, the averment is denied.

22. Denied. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the averment. Strict proof thereof is demanded at time of trial. To the extent a response is required, the averment is denied.

23.   Denied.  Fidelity is without knowledge or information sufficient to form a belief as to the truth of the averment.  Strict proof thereof is demanded at time of trial.  To the extent a response is required, the averment is denied.

24.   Denied.  Fidelity is without knowledge or information sufficient to form a belief as to the truth of the averment.  Strict proof thereof is demanded at time of trial.  To the extent a response is required, the averment is denied.

25.   Denied.  Fidelity is without knowledge or information sufficient to form a belief as to the truth of the averment.  Strict proof thereof is demanded at time of trial.  To the extent a response is required, the averment is denied.

26.   Denied.  Fidelity is without knowledge or information sufficient to form a belief as to the truth of the averment.  Strict proof thereof is demanded at time of trial.  To the extent a response is required, the averment is denied.

### Fidelity Provides Coverage for the Borrelli Embezzlement

27.   Denied.  Fidelity is without knowledge or information sufficient to form a belief as to the truth of the averment.  Strict proof thereof is demanded at time of trial.  To the extent a response is required, the averment is denied.

28.   Denied as stated.  The checks which Plaintiff supplied in conjunction with its proof of loss dated December 13, 2007 totaled $386,120.21, a figure corroborated by Plaintiff's Vice President Barbara Evans on January 30, 2008.  The checks were sent to Fidelity on December 14, 2007 and December 17, 2007.

29.   Admitted.

30.   Denied as stated.  On May 29, 2008, Plaintiff's Vice President Barbara Evans signed a supplemental proof of loss for an additional $18,631.78 allegedly embezzled by Angela

Borrelli between August 6, 2006 and August 14, 2006, bringing the total loss to $404,751.99 ($386,120.21 + $18,631.78).

  31. Denied. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the averment. Strict proof thereof is demanded at time of trial. To the extent a response is required, the averment is denied. By way of further response, in May 2008 the F.B.I. advised Plaintiff's Vice President Barbara Evans to keep looking for further evidence of Borrelli's embezzlement.

  32. Denied as stated. On or about June 16, 2008, Fidelity paid GF $399,751.99, representing GF's documented claim of $404,751.99 less GF's $5000 deductible. Fidelity denies the averment's implication that Fidelity knew that additional claims would be forthcoming.

### The Government's 2010 Discovery Of The Full Amount Embezzled By Borrelli

  33. Denied. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the averment. Strict proof thereof is demanded at time of trial. To the extent a response is required, the averment is denied.

  34. Denied. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the averment. Strict proof thereof is demanded at time of trial. To the extent a response is required, the averment is denied.

  35. Denied. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the averment. Strict proof thereof is demanded at time of trial. To the extent a response is required, the averment is denied.

  36. Denied. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the averment. Strict proof thereof is demanded at time of trial. To the extent a response is required, the averment is denied.

37. Denied. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the averment. Strict proof thereof is demanded at time of trial. To the extent a response is required, the averment is denied.

38. Denied. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the averment. Strict proof thereof is demanded at time of trial. To the extent a response is required, the averment is denied. The averment is further denied in that it implies, incorrectly, that Fidelity has paid Plaintiff less than the amount which Fidelity owed Plaintiff under the terms, conditions, limitations and exclusions stated in The Policy.

39. Denied. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the averment. Strict proof thereof is demanded at time of trial. To the extent a response is required, the averment is denied.

### Fidelity Denies GF's Covered Claim

40. Denied. As to Plaintiff's motivations for contacting Fidelity, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the averment. Strict proof thereof is demanded at time of trial. To the extent a response is required, that part of the averment is denied. The averment is further denied as stated in that in early 2010, GF did not supplement its claim; rather, on or about February 8, 2010, Plaintiff's insurance broker requested that Fidelity reopen its claim.

41. Denied. It is denied that Fidelity wrongfully denied GF's claim. To the contrary, the denial was in accordance with the terms, conditions, limitations and exclusions of The Policy.

42. Denied. It is denied that Fidelity wrongfully denied GF's claim and also denied that Fidelity did so without a justifiable basis. To the contrary, the denial was in accordance with the terms, conditions, limitations and exclusions of The Policy.

## COUNT I
## (BREACH OF CONTRACT AGAINST DEFENDANT)

43. Fidelity hereby incorporates its responses to Paragraphs 1 through 42 above as if fully set forth at length herein.

44. Denied. The averment consists of a conclusion of law to which no response is required. To the extent a response is required, the averment is denied.

45. Denied. It is denied that GF has met all conditions precedent and satisfied all obligations under The Policy.

46. Denied. It is denied that GF is rightfully entitled to the payment of $979,112.07. Fidelity has already paid GF all it is due under the terms, conditions, limitations and exclusions of The Policy.

47. Denied. It is denied that Fidelity has breached its obligations under The Policy. It is further denied that Fidelity has refused to cover losses incurred as a result of Borrelli's embezzlement. To the contrary, Fidelity has already paid GF all it is due under the terms, conditions, limitations and exclusions of The Policy.

48. Denied. It is denied that GF has incurred $979,112.07 in losses as a direct and proximate result of Fidelity's breach of The Policy. It is further denied that Fidelity has in any way breached the terms of The Policy.

WHEREFORE, Defendant, Fidelity and Deposit Company of Maryland, hereby demands judgment in its favor and against Plaintiff, GF Management, Inc., together with attorney's fees, costs of suit and such other relief as the Court may deem proper.

## COUNT II
## (BAD FAITH)

49. Fidelity hereby incorporates its responses to Paragraphs 1 through 48 above as if fully set forth at length herein.

50. Denied. The averment consists of a conclusion of law to which no response is required. To the extent a response is required, the averment is denied.

51. Denied as stated. Fidelity has an obligation to cover GF's losses in accordance with the terms, conditions, limitations and exclusions of The Policy. Fidelity does not have an obligation to cover the losses for which GF seeks recovery in the instant action.

52. Denied. It is denied that Fidelity has no good cause or reasonable basis for refusing to cover the employee dishonesty claim arising out of Borrelli's embezzlement. To the contrary, Fidelity has covered the claim and has already paid GF all it is due under the terms, conditions, limitations and exclusions of The Policy.

53. Denied. It is denied that Fidelity refused to cover the employee theft claim. To the contrary, Fidelity has covered the claim and has already paid GF all it is due under the terms, conditions, limitations and exclusions of The Policy. It is further denied that Fidelity knowingly and recklessly disregarded the lack of basis for denial of coverage to GF.

54. Denied. It is denied that Fidelity has at any time acted in bad faith with respect to handling the claim arising from Borrelli's theft. It is further denied that GF has suffered or will continue to suffer damages – substantial or otherwise – as a result of Fidelity's handling of the claim.

WHEREFORE, Defendant, Fidelity and Deposit Company of Maryland, hereby demands judgment in its favor and against Plaintiff, GF Management, Inc., together with attorney's fees, costs of suit and such other relief as the Court may deem proper.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted, and Fidelity reserves the right to move to dismiss said complaint.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by all applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by any and all suit-limitation provisions set forth within The Policy.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is in breach of contract by failing to comply with the terms, conditions, limitations and/or exclusions of The Policy.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer the damages alleged in its complaint.

## SIXTH AFFIRMATIVE DEFENSE

If Plaintiff suffered the damages alleged in its complaint, Plaintiff failed to mitigate its damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to document and/or substantiate its claims as required by the terms of The Policy.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is void for defective process and/or service of process.

## NINTH AFFIRMATIVE DEFENSE

Fidelity has paid all benefits which are or were due and/or owed under the terms of The Policy.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because of the intervening actions of a third party, over whom Fidelity had no control.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of release.

**WHITE AND WILLIAMS LLP**

By: /s/ Alan J. Charkey
    Alan J. Charkey, Esquire

    One Liberty Place
    1650 Market Street, Suite 1800
    Philadelphia, PA 19103-7395
    (215) 864-6312
    (215) 789-7633 facsimile
    charkeya@whiteandwilliams.com

    Attorneys for Defendant,
    Fidelity and Deposit Company of Maryland

## CERTIFICATE OF SERVICE

I, Alan J. Charkey, hereby certify that on April 4, 2012 I served the Answer With Affirmative Defenses by Defendant, Fidelity and Deposit Company of Maryland, and Defendant's Rule 7.1 Disclosure Statement, upon counsel for Plaintiff, Darin J. McMullen, Esquire; Anderson, Kill & Olick, P.C.; 1600 Market Street; Philadelphia, PA 19103, by Electronic Case Filing.

**WHITE AND WILLIAMS LLP**

By: /s/ Alan J. Charkey
    Alan J. Charkey, Esquire

One Liberty Place
1650 Market Street, Suite 1800
Philadelphia, PA 19103-7395
(215) 864-6312
(215) 789-7633 facsimile
charkeya@whiteandwilliams.com

Attorneys for Defendant,
Fidelity and Deposit Company of Maryland