IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GF MANAGEMENT, INC.,

                Plaintiff,           CIVIL ACTION NO. 12-1306

     v.

FIDELITY AND DEPOSIT COMPANY,

                Defendant.

## JOINT CASE REPORT

I.     FACTS OF THE CASE AND BASIS FOR COURT'S JURISDICTION

        Plaintiff, GF Management, Inc. ("GF"), purchased a commercial crime insurance policy from Defendant, Fidelity and Deposit Company of Maryland ("Fidelity"). GF sought insurance coverage under the policy for losses sustained as a result of a former employee's embezzlement scheme.  Fidelity has denied coverage for $979,112.07 of the $1,378,000 in losses that GF sustained.

        The Court has diversity jurisdiction over this matter because the parties are citizens of different states.  GF is incorporated and maintains its principal place of business in Pennsylvania.  Fidelity is incorporated in Maryland and maintains its principal place of business in Illinois.

II.     CAUSES OF ACTION, THEIR ESSENTIAL ELEMENTS, AND RELIEF SOUGHT

        GF asserts causes of action for breach of contract (Count I) and bad faith (Count II).  Breach of contract requires a showing of:  (1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) damages caused by the breach.  Pennsy Supply, Inc. v. American Ash Recycling Corp.,

895 A.2d 595, 600 (Pa. Super. Ct. 2006); Omicron Systems Inc. v. Weiner, 860 A.2d

554, 564 (Pa. Super. 2004).

To establish bad faith, the policyholder must prove that:  "(1) the insurer

lacked a reasonable basis for denying coverage and (2) the insurer knew or recklessly

disregarded its lack of a reasonable basis."  Adamski v. Allstate Insurance Company,

738 A.2d 1033, 1036 (Pa. Super. 1999).

III.     DEFENSES ASSERTED AND THEIR ESSENTIAL ELEMENTS

The thrust of Fidelity's defense is that GF presented its additional claim for

$979,112.07 after the insurance policy's two-year limitations period expired.  Fidelity

had already paid GF $399,751.99 for the employee's embezzlement.

The essential elements of the Affirmative Defenses are as follows:

FIRST – FAILURE TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED

When determining whether a complaint fails to state a claim upon which

relief can be granted, the court must decide "not whether a plaintiff will ultimately prevail

but whether the claimant is entitled to offer evidence to support the claims."  Semerenko

v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).  Because the insurance policy's

limitations provision bars GF's claim for $979,112.07, the Complaint is subject to

dismissal.

SECOND – STATUTES OF LIMITATIONS

"When a contract is continuing, the statute of limitations will run either from

the time when the breach occurs or when the contract is in some way terminated."

Crispo v. Crispo, 909 A.2d 308, 313 (Pa. Super. 2006).  Fidelity raises this defense out

of an overabundance of caution, because discovery has not commenced, and an

affirmative defense of limitations which is not sufficiently pled as an affirmative defense

is waived.  Fassett v. Delta Kappa Epsilon (New York), 807 F.2d 1150, 1167 (3d Cir.

1986).

### THIRD – POLICY'S LIMITATIONS PROVISION

The insurance policy states that GF may not bring a legal action against

Fidelity unless brought within two years from the date that GF first discovered the loss.

Discovery is defined as

> the time when you first became aware of facts
> which would cause a reasonable person to
> assume that a loss of a type covered by the
> policy has been or will be incurred, regardless
> of when the act or acts causing or contributing
> to such loss occurred, even though the exact
> amount or details of loss may not then be
> known.

Moreover, the insuring agreement states that coverage is provided in

response to an "occurrence," which the insurance policy defines to include a series of

acts or the combined total of all separate acts, whether or not related.

GF discovered the loss on or about November 28, 2007.  The policy's

limitations period ended on or about November 28, 2009, by which time Fidelity had

already paid GF $399,751.99 based on the submitted proof of loss.  On or about

February 8, 2010, GF's insurance broker notified Fidelity of additional losses relating to

the same embezzlement.  By that time, the insurance policy's two-year limitations

period had expired.

"Pennsylvania law recognizes as valid suit limitation clauses in insurance

policies."  Prime Medica Associates v. Valley Forge Ins. Co., 970 A.2d 1149, 1156 (Pa.

Super. 2009).  "Pennsylvania has a four-year statute of limitations that applies to most

contract claims. See 42 Pa.Cons.Stat.Ann. § 5525.  Absent a statutory prohibition,

parties may contract for a shorter limitations period as long as it is reasonable."

McElhiney v. Allstate Ins. Co., 33 F.Supp.2d 405, 406 (E.D. Pa. 1999).

Moreover, under the policy the thefts, before and after the passing of the limitations period, were a single occurrence. See Omne Services Group, Inc. v. Hartford Insurance Co., 2 F.Supp.2d 714, 718 – 19 (E.D. Pa. 1998). See also Scirex Corp. v. Federal Ins. Co., 313 F3d 841, 851 – 52 (3d Cir. 2002). The policy's limitations period did not re-commence after the reporting of additional losses.

FOURTH – FAILURE TO COMPLY WITH POLICY'S TERMS AND CONDITIONS

Among other things, the insurance policy requires that the insured give Fidelity a detailed, sworn proof of loss within 120 days. The proof of loss which GF supplied to Fidelity in December 2007 did not comply with this requirement if GF sustained a loss greater than included in the proof of loss. "[B]onding companies pay claims upon the facts presented in such proofs, and they, therefore, have a right to require, and to expect, the facts to be correctly stated." American Surety Co. of New York v. Meadville Lodge, No. 219, B.P.O.E., 174 A. 591, 595 (Pa. Super. 1934).

Fidelity raises the Fourth Affirmative Defense out of an overabundance of caution, because discovery has not commenced, and an affirmative defenses not raised may possibly be waived. Rule 8(c) of the Federal Rules of Civil Procedure.

FIFTH – PLAINTIFF DID NOT SUFFER CLAIMED DAMAGES

GF has not supplied Fidelity with proof of its alleged, additional losses of $979,112.07. In an insurance coverage dispute, it is the insured's burden to prove damages. See, e.g., Eastern Associated Coal Corp. v. Aetna Cas. & Sur. Co., 632 F.2d 1068, 1074 (3d Cir. 1980).

### SIXTH – FAILURE TO MITIGATE DAMAGES

Although GF's proof of loss dated December 13, 2007 cited thefts occurring between October 2006 and November 2007, in 2010 GF claimed benefits for additional thefts occurring as early as June 2001.  In failing to institute adequate internal controls, GF failed to mitigate its damages.  "To prove a failure to mitigate, a defendant must show: (1) what reasonable actions the plaintiff ought to have taken, (2) that those actions would have reduced the damages, and (3) the amount by which the damages would have been reduced."  Koppers Co., Inc. v. Aetna Cas. and Sur. Co., 98 F.3d 1440, 1448 (3d Cir. 1996).

### SEVENTH – FAILURE TO DOCUMENT OR SUBSTANTIATE CLAIMS

GF has not supplied Fidelity with proof of its alleged, additional losses of $979,112.07.  In an insurance coverage dispute, it is the insured's burden to prove damages.  See, e.g., Eastern Associated Coal Corp. v. Aetna Cas. & Sur. Co., 632 F.2d 1068, 1074 (3d Cir. 1980).

### EIGHTH – DEFECTIVE PROCESS/SERVICE OF PROCESS

Fidelity raises the Eighth Affirmative Defense out of an overabundance of caution, because discovery has not commenced, and affirmative defenses not raised may possibly be waived.  Rule 8(c) of the Federal Rules of Civil Procedure.

### NINTH – FIDELITY HAS PAID ALL BENEFITS OWED

Fidelity paid GF $399,751.99 in benefits for losses which GF documented before the policy's limitation period expired on or about November 28, 2009.  This payment was all that GF was entitled to under the terms of the policy.  The terms of the

insurance policy will determine the amount of coverage that the insurer is obligated to pay. Gould, Inc. v. Continental Cas. Co., 585 A.2d 16, 19 (Pa. Super. 1991).

### TENTH – INTERVENING ACTIONS OF A THIRD PARTY

GF claimed that the losses were the responsibility of GF's employee Angela Borelli. Her actions are an element in determining whether GF has met its burden to prove that Fidelity has caused GF's claimed losses. See, e.g., Taylor v. Allis-Chalmers Mfg. Co., 320 F.Supp. 1381, 1388 (E.D. Pa. 1969).

### ELEVENTH – ACCORD AND SATISFACTION

In 2008, GF accepted Fidelity's payment of $399,751.99 in resolution of GF's claim. GF did not raise any additional claim until two years later. At the time GF accepted payment of $399,751.99, the parties believed the matter to be resolved. "The elements of an accord and satisfaction are (1) a disputed debt, (2) a clear and unequivocal offer of payment in full satisfaction of the debt, and (3) acceptance and retention of payment by the offeree." T.J. Trauner Associates, Inc. v. Cooper-Benton, Inc., 820 F.2d 643, 645 (3d Cir. 1987).

Fidelity raises the Eleventh Affirmative Defense out of an overabundance of caution, because discovery has not commenced, and affirmative defenses not raised may possibly be waived. Rule 8(c) of the Federal Rules of Civil Procedure.

### TWELFTH – RELEASE

In conjunction with its payment of $399,751.99 in benefits, Fidelity sent GF a release form to sign which would conclude the claim. It is undetermined whether GF signed the form. If GF signed the release form, GF's cause of action in the instant matter would be precluded. "A contractual release from litigation is an affirmative

defense to a claim against any party to that release." MacKay v. Donovan, 2011 WL 2604339, *2 (E.D. Pa. 2011).

Fidelity raises the Twelfth Affirmative Defense out of an overabundance of caution, because discovery has not commenced, and affirmative defenses not raised may possibly be waived.  Rule 8(c) of the Federal Rules of Civil Procedure.

IV.     DISCLOSURE REQUIREMENTS

The parties have not yet exchanged initial disclosures.  The parties are prepared to exchange initial disclosures by April 27, 2011.

V.      COMPLETION OF DISCOVERY

The parties anticipate that all discovery can be completed by November 13, 2012.

VI.     JOINDER OF NECESSARY PARTIES

The parties have joined all necessary parties.

VII.    SETTLEMENT NEGOTIATIONS

No settlement negotiations have taken place.  GF is willing to engage in settlement negotiations.  Fidelity takes the position that the policy is clear and that GF's supplemental claim is clearly barred by the insurance policy's limitation provision. However, Fidelity is willing discuss some resolution of the case.

VIII.    COUNSEL ATTENDING SCHEDULING CONFERENCE

Darin McMullen will attend the scheduling conference on GF's behalf.

Alan Charkey will attend on Fidelity's behalf.

Dated:  April 23, 2012

By:    /s/Darin J. McMullen
       Darin J. McMullen, Esq.

ANDERSON KILL & OLICK, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA  19103
Email:  dmcmullen@andersonkill.com
Fax:  215-568-4573

Anna M. Piazza, Esq.
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, NY  10020
Email:  apiazza@andersonkill.com
Fax:  212-278-1733

*Attorneys for Plaintiff*
GF MANAGEMENT, INC.

/s Alan J. Charkey
Alan J. Charkey, Esq.

WHITE AND WILLIAMS LLP
1800 One Liberty Place
Philadelphia PA  19103
Email:  charkeya@whiteandwilliams.com
Fax:  215-864-7123

*Attorneys for Defendant*
FIDELITY AND DEPOSIT COMPANY
OF MARYLAND